UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRELLIS EARTH PRODUCTS, INC. | ) | CASE NO. 16-90205-BHL-11 |
| dba TRELLIS BIOPLASTICS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**OBJECTION TO DEBTOR'S MOTION TO
OBTAIN POST-PETITION FINANCING**

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Golden Endeavors, LLC ("Golden Endeavors" or "Landlord"), a Creditor, by counsel, hereby objects to the Debtor's requested post-petition financing (the "Financing"), and in support of its objection states as follows:

1. The Debtor is a tenant of Golden Endeavors under a Lease Agreement dated July 1, 2015, a true copy of which is attached hereto as Exhibit 1, and incorporated herein by reference (the "Lease").

2. Under the terms of the Lease, the Debtor was to make monthly rent payments to the Landlord beginning September 1, 2015, in the amount of $26,500.00, during the first year of the Lease.

3. Debtor has not made one monthly rental payment to the Landlord, either pre-petition or post-petition.

4. Debtor's proposed budget filed with its Financing motion made no provision for payment of rent to the Landlord, even though the leased premises constitutes the Debtor's primary operations facility.

-2-

5.      The Debtor's budget filed with its revised Interim Order proposed only $5,000.00 rent to the Landlord, for the period from February 17, 2016 to March 9, 2016. Pro rata rent for those 21 days, under the Lease, is the amount of $18,718.02; or, nearly $14,000.00 in excess of the amount provided in the Debtor's budget.

6.      11 U.S.C 365(d)(3) requires the Debtor to "timely perform all the obligations of the debtor….arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

7.      No budget or post-petition financing should be approved for the Debtor unless the financing provides for payment of the rent due to the Landlord under the Lease; otherwise, such approval would be tantamount to an approval of the Debtor ignoring its duty and obligation under Section 365 of the Code.

Wherefore, Golden Endeavors, by counsel, moves the Court to deny approval of any post-petition financing that does not provide for rent payments to the Landlord.

**MORGAN & POTTINGER, P.S.C.**

BY:  /s/ John A. Majors
            John A. Majors
            Bradley S. Salyer
            Counsel for Golden Endeavors
            401 South Fourth Street, Suite 1200
            Louisville, KY 40202
            Phone: (502) 560-6758
            Fax:    (502) 560-6858
            Email:  jam@morganandpottinger.com

## CERTIFICATE

I hereby certify that on the 4th day of March, 2016, a copy of the foregoing Notice of Appearance and Request for All Notices was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Filing System. Parties may access this filing through the Court's system.

    John Joseph Allman – jallman@thbklaw.com
    David R. Krebs – dkrebs@thbklaw.com, dadams@thbklaw.com
    U.S. Trustee – ustpregion10.in.ecf@usdoj.gov
    Ronald Moore – Ronald.Moore@usdoj.gov
    Susan M. Argo – sargo@graydon.com
    Henry A. Efroymson – henry.efroymson@icemiller.com
    Alan K. Mills – alan.mills@btlaw.com
    Whitney L. Mosby – wmosby@bgdlegal.com
    Thomas C. Scherer – tscherer@bgdlegal.com
    Jonathan David Sundheimer – jsundheimer@btlaw.com

    /s/ John A. Majors
    John A. Majors

-3-