UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRELLIS EARTH PRODUCTS, INC., | ) | Case No.   16-90205-BHL-11 |
| | ) | Chapter 11 |
|     Debtor. | ) | |

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING**

Prime Management, LLC; Bhartendu R. Desai; Michael Reilly; Michael Raymond and TE Capital, LLC, Secured Noteholders of the Debtor (the "Noteholders"), for their Objection to Debtor's Motion for Entry of a Final Order Authorizing Debtor to Obtain Post-Petition Financing, respectfully state the following:

1. On February 17, 2016 (the "Petition Date"), the Debtor filed its voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code.

2. The Noteholders are holders of junior secured notes issued by the Debtor and hold security interests and liens against the assets of the Debtor.

3. Notwithstanding weeks of preparation for the filing of this Chapter 11 case, the Debtor filed its voluntary Petition without filing its Schedules of Assets and Liabilities, Statement of Financial Affairs, Schedule of Current Income and Current Expenditures, or other documents required to be filed by the Debtor pursuant to Section 521 of the Bankruptcy Code.  The Debtor was ordered to file the documents on or before March 2, 2016, yet as of the date of the filing of this Objection, the Debtor has still failed to file the documents.

4. Both prior to and subsequent to the Petition Date, the Noteholders sought disclosure of information regarding the assets and liabilities of the Debtor, as well as financial

I\9742888.1

statements, but the Debtor has failed and refused to provide any significant information to the Noteholders. As an example, the Noteholders have repeatedly requested a list of equipment owned by the Debtor, but the Debtor has failed to produce such a list.

5. On February 19, 2016, the Debtor filed its First Day Motion for Entry of an Interim Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §364(c), *Nunc Pro Tunc* to the Petition Date. Over objections, the Court entered its Interim Order Authorizing Debtor to Obtain Post-Petition Financing on February 25, 2016, wherein the Motion was set for final hearing to be held on March 9, 2016.

6. Upon learning of the bankruptcy filing, and the Debtor's intention to seek authority to obtain post-petition financing, the Noteholders expressed an interest in potentially providing the post-petition financing to the Debtor on terms equal to or better than that offered by the post-petition financing entity, Golden Properties, Ltd., but the Debtor has expressed no interest in discussing the potential financing with the Noteholders. Similarly, the Debtor never approached the Noteholders regarding post-petition financing prior to the Petition Date and, upon information and belief, did not discuss the post-petition financing proposal with any entity other than Golden Properties, Ltd.

7. The Noteholders object to entry of a final order authorizing the Debtor to obtain post-petition financing, for the following reasons:

    A. The Debtor ignored the requirements of Section 364(c) of the Bankruptcy Code, in that the Debtor failed to seek credit from any entity other than Golden Properties, Ltd., and failed to investigate the availability of credit on any terms other than under a senior or equal lien on property of the estate;

B.     The Debtor failed to provide adequate protection of the interests of the Noteholders in the property of the estate in which the senior or equal liens proposed to be granted to Golden Properties, Ltd., in violation of Section 364(d)(1) of the Bankruptcy Code;

C.     The Debtor failed to provide sufficient information by which any third parties, including the Noteholders, could use to determine whether alternative post-petition financing is appropriate or available;

D.     The Debtor has failed to provide the Noteholders and all other parties-in-interest with copies of the proposed post-petition financing loan documents;

E.     Notwithstanding the Court's direction during the hearing on post-petition financing held on February 22, 2016, the Debtor failed to provide a meaningful post-petition budget beyond March 9, 2016, or an explanation of the necessity of payment of the expenses under the post-petition financing, especially in light of the Debtor's virtual shutdown of its operations;

F.     The relief sought through the Debtor's Request for Authorization to Obtain Post-Petition Financing includes inappropriate waivers of claims and rights against Golden Properties, Ltd., as well as inappropriate relief from liability under Section 506(c) of the Bankruptcy Code.

8.     Although the Debtor and Golden Properties, Ltd. seek an expedited sale process through the request to obtain post-petition financing, the limited budget for the interim period does not allocate funds to the Debtor for the purpose of marketing and sale of the Debtor's assets.

9.     Under these unique circumstances, and due to the lack of information regarding the Debtor's assets and operations, the Noteholders believe that it is not in their best interests or the

interests of any creditors of the estate (other than Golden Properties, Ltd.) for the Court to enter a final order authorizing the Debtor to obtain post-petition financing, and that any continuation of post-petition financing should be authorized only through an interim order.

WHEREFORE, the Noteholders respectfully request that the Court carefully scrutinize the budget and releases for which the Debtor seeks authorization and require that the Debtor produce necessary and meaningful information regarding its assets and liabilities, as well as its operations prior to any entry of any final order authorizing the Debtor to obtain post-petition financing, that the Court authorize continued post-petition financing only on an interim basis, that a final order authorizing the Debtor to obtain post-petition financing not be entered at this time, and for all other appropriate relief under the circumstances.

Respectfully submitted,

/s/ Henry A. Efroymson
Henry A. Efroymson
Sarah L. Fowler
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN   46282-0200
Telephone:   (317) 236-2100
Facsimile:   (317- 592-4643
Henry.efroymson@icemiller.com

*Counsel for Prime Management, LLC; Bhartendu R. Desai; Michael Reilly; Michael Raymond and TE Capital, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2016, I electronically filed the foregoing pleading with the Clerk of the Court using the cm/ecf system which sent notification of such filing to the U.S. Trustee and all parties receiving cm/ecf notice in this proceeding, including the following:

    John Joseph Allman – jallman@thbklaw.com
    David R. Krebs – dkrebs@thbklaw.com, dadams@thbklaw.com
    U.S. Trustee – ustpregion10.in.ecf@usdoj.gov
    Ronald Moore – Ronald.Moore@usdoj.gov
    Susan M. Argo – sargo@graydon.com
    Alan K. Mills – alan.mills@btlaw.com
    Whitney L. Mosby – wmosby@bgdlegal.com
    Thomas C. Scherer – tscherer@bdglegal.com
    Jonathan David Sundheimer – jsundheimer@btlaw.com
    John A. Majors – jam@morganandpottinger.com
    John R. Carr III – jrciii@acs-law.com

    <u>Unsecured Creditors' Committee</u>:
    Terry Keith – tkeith@burriselectric.com
    Louis Duncan – lduncan@biehleinc.com
    Tim Myshak - Timm@shipcds.com
    Shally Xu – wfxuwenqin@wafadpm.com

                                                   /s/ Henry A. Efroymson
                                                    Henry A. Efroymson

I\9742888.1